UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARVIN OWENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO: |
| | ) |
| MATTHEW ALEXANDER, and | ) |
| PVS TRANSPORTATION INC., a | ) |
| corporation, | ) |
| | ) |
| Defendants. | ) |

## **COMPLAINT**

### **COUNT I**
(Negligence)
Marvin Owens v. Matthew Alexander

Now comes the Plaintiff, Marvin Owens, by and through his attorneys, Rich, Rich, Cooksey & Chappell, P.C., and for his cause of action against the Defendant, Matthew Alexander, respectfully represents unto the Court as follows:

1. That the Plaintiff, Marvin Owens, is a citizen of Granite City in the State of Illinois.

2. That the Defendant, Matthew Alexander, is a citizen of the Florissant, in the State of Missouri.

3. That the amount in controversy exceeds the sum of value of $75,000.00, exclusive of costs and interest.

4. That jurisdiction of this Court is proper under 28 U.S.C. §1332, diversity of citizenship.

5. That this action properly lies in this district pursuant to 28 U.S.C.A. § 1391, because the claim arose in this judicial district.

6. That on August 30, 2021, the Plaintiff was operating a motor vehicle traveling Westbound on West Chain of Rocks Road, near its intersection with Sunny Shores Trailer Court in the City of Granite City, the County of Madison, and the State of Illinois.

7. That on August 30, 2021, the Defendant, Matthew Alexander, was operating a motor vehicle traveling Westbound on West Chain of Rocks Road, near its intersection with Sunny Shores Trailer Court, in the City of Granite City, the County of Madison, and the State of Illinois.

8. That at said time and place, the vehicle operated by the Defendant, Matthew Alexander, improperly attempted to pass Plaintiff's vehicle from the rear in such a way that it caused a collision between Plaintiff and Defendant and caused Defendant's vehicle to strike Plaintiff's.

9. That at said time and place, the Defendant committed one or more of the following acts of negligence and/or omissions which directly and proximately caused the collision to occur:

   a. The Defendant failed to keep a proper lookout for other vehicles then and there rightfully upon said roadway and particularly the vehicle of the Plaintiff;

   b. The Defendant failed to keep his vehicle under proper control;

   c. The Defendant drove his vehicle in such a manner that it caused his vehicle to strike the vehicle of Plaintiff;

   d. The Defendant failed to properly apply the brakes of his vehicle;

   e. The Defendant operated his vehicle at an excessive rate of speed which was greater than was reasonable and proper having regard for the traffic then and there upon said highway and the condition of said highway; and

   f. The Defendant followed the Plaintiff's vehicle more closely than was reasonable and proper having regard for the speed of such vehicle and the traffic then and there upon said highway and the condition of the highway.

10. That as a direct and proximate result of one or more of the foregoing acts of negligence and/or omissions of the Defendant, Matthew Alexander, the Plaintiff was injured in one or more of the following ways:

    a. The Plaintiff was made sick, sore, lame, disordered and disabled and suffered extensive injuries to his head, body, and limbs, both internally and externally;

    b. The Plaintiff received injuries to his neck;

    c. The Plaintiff received injuries to the soft tissues of the cervical, shoulder, and lumbar area, including the muscles, ligaments, tendons and nerves;

    d. The Plaintiff has expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the future;

    e. The Plaintiff has suffered disability as a result of his injuries;

    f. The Plaintiff has experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries; and

    g. The Plaintiff has lost money from the loss of wages and will suffer an impairment of future earning capacity.

WHEREFORE, the Plaintiff, Marvin Owens, prays judgment against the Defendant, Matthew Alexander, for a fair and just award in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs of this suit.

## COUNT II
(Negligence)
Marvin Owens v. PVS Transportation, Inc., a corporation

Now comes the Plaintiff, Marvin Owens, by and through his attorneys, Rich, Rich, Cooksey & Chappell, P.C., and for his cause of action against the Defendant, PVS Transportation, Inc., a corporation, respectfully represents unto the Court as follows:

1. That the Plaintiff, Marvin Owens, is a citizen of Granite City in the State of Illinois.

2. That the Defendant, PVS Transportation, Inc., is a Michigan corporation with its principal place of business located in Michigan.

3. That the amount in controversy exceeds the sum of value of $75,000.00, exclusive of costs and interest.

4. That jurisdiction of this Court is proper under 28 U.S.C. §1332, diversity of citizenship.

5. That this action properly lies in this district pursuant to 28 U.S.C.A. § 1391, because the claim arose in this judicial district.

6. That on August 30, 2021, the Plaintiff was operating a motor vehicle traveling Westbound on West Chain of Rocks Road, near its intersection with Sunny Shores Trailer Court in the City of Granite City, the County of Madison, and the State of Illinois.

7. That on August 30, 2021, the Defendant, PVS Transportation, Inc., a corporation, by and through its agent and employee, Matthew Alexander, was operating a motor vehicle traveling Westbound on West Chain of Rocks Road, near its intersection with Sunny Shores Trailer Court, in the City of Granite City, the County of Madison, and the State of Illinois.

8. That at said time and place, the vehicle operated by the Defendant, PVS Transportation, Inc., a corporation, by and through its agent and employee, Matthew Alexander, improperly attempted to pass Plaintiff's vehicle from the rear in such a way that it caused a collision between Plaintiff and Defendant and caused Defendant's vehicle to strike Plaintiff's.

9. That at said time and place, the Defendant, by and through its agent and employee, committed one or more of the following acts of negligence and/or omissions which directly and proximately caused the collision to occur:

    a. The Defendant failed to keep a proper lookout for other vehicles then and there rightfully upon said roadway and particularly the vehicle of the Plaintiff;

    b.    The Defendant failed to keep his vehicle under proper control;

    c.    The Defendant drove his vehicle in such a manner that it caused a collision between Plaintiff and Defendant;

    d.    The Defendant failed to properly apply the brakes of his vehicle;

    e.    The Defendant operated his vehicle at an excessive rate of speed which was greater than was reasonable and proper having regard for the traffic then and there upon said highway and the condition of said highway; and

    f.    The Defendant followed the Plaintiff's vehicle more closely than was reasonable and proper having regard for the speed of such vehicle and the traffic then and there upon said highway and the condition of the highway.

10.    That as a direct and proximate result of one or more of the foregoing acts of negligence and/or omissions of the Defendant, PVS Transportation, Inc., a corporation, by and through its agent and employee, Matthew Alexander, the Plaintiff was injured in one or more of the following ways:

    a.    The Plaintiff was made sick, sore, lame, disordered and disabled and suffered extensive injuries to his head, body, and limbs, both internally and externally;

    b.    The Plaintiff received injuries to his neck;

    c.    The Plaintiff received injuries to the soft tissues of the cervical, shoulder, and lumbar area, including the muscles, ligaments, tendons and nerves;

    d.    The Plaintiff has expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the future;

    e.    The Plaintiff has suffered disability as a result of his injuries;

    f.    The Plaintiff has experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries; and

    g.    The Plaintiff has lost money from the loss of wages and will suffer an impairment of future earning capacity.

WHEREFORE, the Plaintiff, Marvin Owens, prays judgment against the Defendant, PVS Transportation, Inc., a corporation, for a fair and just award in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs of this suit.

Respectfully submitted,

/s/ Thomas C. Rich
BY: RICH, RICH, COOKSEY & CHAPPELL, P.C.
Mr. Thomas C. Rich #06186229
Mrs. Kristina D. Cooksey #6299549
Mrs. Michelle M. Rich #6310004
Mr. Aaron J. Chappell #6311028
Attorneys at Law
6 Executive Drive, Suite 3
Fairview Heights, IL 62208
618-632-0044 PHONE
618-632-9749 FAX
team@rrcfirm.com